IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Arthur Foster, #270123, ) | |
| ) | Civil Action No. 6:05-0620-GRA-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Richard Bazzle; Henry ) | |
| McMaster, Attorney General for ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding with the assistance of counsel, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for the State Grand Jury. The petitioner was indicted by the State Grand Jury on July 11, 2000, for trafficking in 100 grams or more of cocaine by conspiracy and trafficking in more than 28 grams of cocaine. 1000-GS-47-12. A motion to quash the indictment was made on October 5, 2000. The motion was denied. On October 16, 2000, the petitioner and his counsel, Richard Warder, appeared before the Honorable Gary E. Clary. The petitioner

pleaded guilty pursuant to a written plea agreement to trafficking in more than 28 grams of cocaine by conspiracy and trafficking in more than 28 grams of cocaine. As part of the plea agreement, the State agreed to recommend a sentence of 15 years on each charge with concurrent sentencing, and the petitioner recognized that the sentencing judge was not bound by that recommendation.

Subsequently, on October 17, 2000, the Honorable Gary E. Clary sentenced the petitioner to imprisonment for 15 years and a $50,000 fine for each charge, with the sentences to run concurrently. The petitioner did not appeal from his conviction.

The petitioner made an application for post-conviction relief ("PCR") signed September 21, 2001, and filed September 26, 2001. In the *pro se* application, the petitioner made the following allegations:

> (1)   Ineffective Assistance of Counsel.
>
>> A. Counsel was ineffective in failing to adequately investigate petitioner's case to determine an appropriate defense strategy including but not limited to adequately attacking the subject matter jurisdiction of the case.
>>
>> B. Counsel failed to adequately consider the extent, if any, of the petitioner's cooperation during sentencing as well as other mitigating factors.
>>
>> C. Counsel failed to advise applicant of his right to a direct appeal following the court's adverse ruling of October 5, 2000 in which the court denied the motion to quash the indictment.
>
> (2)   Subject matter jurisdiction - The trial court lacked subject-matter jurisdiction in this instance in violation of the petitioner's Due Process rights pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.
>
> (3)   Invalid Guilty Plea - First Offender Violation.

The state court appointed Andrew Johnston to represent the petitioner. Robert G. Levitt of Denver, Colorado, subsequently made an appearance as retained counsel. Counsel Levitt

2

made a "Memorandum of Law in Support of the Defendant's Previously Filed Motion for Post-Conviction Relief." The Attorney General, through then Assistant Attorney General Tracey C. Green, made a return on April 15, 2002.

On January 31, 2003, a hearing was convened before the Honorable Donald W. Beatty. The petitioner was present and represented by counsel Levitt and local counsel Johnston. The respondents were represented by Assistant Attorney General Douglas Leadbitter. Testimony was received from Richard Warder. A post-hearing memorandum was filed by counsel for the petitioner. On April 22, 2003, Judge Beatty entered his written order dismissing the application with prejudice.

The petitioner made a timely appeal of the denial to the South Carolina Supreme Court. On May 12, 2002, counsel Levitt filed a petition for writ of certiorari pursuant to SCACR Rule 227 asserting the following questions:

> (1) Did the Circuit Court err in holding that Petitioner's trial counsel was not ineffective in failing to determine an appropriate defense strategy including but not limited to attacking the subject matter jurisdiction in this case?
>
> (2) Did the Circuit Court err in holding that Petitioner's trial counsel was not ineffective in failing to adequately address numerous factors of mitigation during Petitioner's sentencing hearing?
>
> (3) Did the Circuit Court err in holding that Petitioner's trial counsel was not ineffective in failing to advise Petitioner of his right of direct appeal, in that Petitioner did not waive his right to a direct appeal, following the Court's adverse ruling of October 5, 2000 (Court denied Petitioner's motion to quash the indictment)?
>
> (4) Did the Circuit Court err in holding that Sentencing Court had subject-matter jurisdiction in this case?

The petitioner also asserted the following questions as a "Statement of the Issues on Appeal if *White v. State*, 262 S.C. 110, 208 S.E.2d 35 (1974) review is granted":

> ISSUE I: Whether the Circuit Court properly dismissed Petitioner's motion to quash the indictment?
>
> ISSUE II: Whether the sentence imposed on the Petitioner was disproportionate to the offense conduct committed, the Petitioner's first offender status, and to other mitigating circumstances in this case?

The respondents made a return to the petition on October 3, 2003. On April 22, 2004, the South Carolina Supreme Court entered its letter order denying the petition for writ of certiorari. The remittitur was entered by the court on May 11, 2004.

In his federal petition for writ of habeas corpus, filed February 25, 2005, with the assistance of counsel, the petitioner asserts the following grounds for relief:

> (1)     The State Court lacked subject-matter jurisdiction in this case in violation of Petitioner's Due Process Rights pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.
>
>> A. The State Court's determination that the trial court has subject matter jurisdiction is contrary to and involved an unreasonable application of federal law and the decision reached was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.
>
> (2)     The Petitioner was denied his right to effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.
>
>> A. Counsel was ineffective in failing to determine an effective defense strategy including but not limited to adequately attacking the subject matter jurisdiction in this case.
>
>> B. Counsel was ineffective in failing to adequately address the subject matter jurisdiction issue in this case.
>
>> C. Counsel was ineffective in failing to adequately address numerous facts in mitigation during Petitioner's sentencing hearing.
>
>> D. Counsel was ineffective in failing to advise Petitioner of his right to a direct appeal following the Court's

4

>    adverse ruling on October 5, 2000 in which the Court denied Petitioner's motion to quash the indictment and Petitioner did not waive his right to a direct appeal.
>
>    E. The State Court's determination that the Petitioner had effective assistance of counsel is contrary to and involved an unreasonable application of federal law and the decision reached was based on an unreasonable determination of the facts in light of the evidence presented in the State Court's proceeding.

On August 25, 2005, the respondents filed a motion for summary judgment. The petitioner filed his response to the motion on October 14, 2005.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

>    (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>    >    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>    >
>    >    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
>    (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The respondents first argue that the plaintiff's petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner had 10 days following his

sentencing in which to serve a notice of appeal, S.C.A.C.R. 203 (b)(2).[1] He was sentenced on October 17, 2000, and he did not file a notice of appeal. Thus, his conviction became final on October 27, 2000. Therefore, the plaintiff had until October 27, 2001, to file his federal habeas corpus action unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2). The plaintiff filed his state PCR action on September 26, 2001. At that point, 334 days of non-tolled time had run since the period of limitations began on October 27, 2000. The petition for writ of certiorari was denied on April 22, 2004, and the remittitur was entered on May 11, 2004. Upon entry of the remittitur, the petitioner had 31 days remaining to file his federal petition. The instant petition was filed on February 25, 2005, after a period of some 624 days of non-tolled time. Accordingly, the instant petition was filed 259 days too late.

        The petitioner argues that he is entitled to equitable tolling of the statute of limitations because he was under the impression that his trial counsel was pursuing a direct appeal in his case, and when he learned that no such appeal was being pursued, he then filed his *pro se* state PCR application (pet. resp. m.s.j. 1; pet. aff. ¶¶ 2, 3). Therefore, the petitioner argues that the statute of limitations actually began to run when the petition for writ of certiorari on the state court application was denied and the remittitur was entered on May 11, 2004 (pet. resp. m.s.j. 2). The petitioner notes that in his state PCR proceeding he claimed his trial counsel was ineffective concerning his advice on the right to appeal

---

[1] Rule 203. Notice of Appeal
    (a) Notice. A party intending to appeal must serve and file a notice of appeal and otherwise comply with these Rules. Service and filing are defined by Rule 233.
    (b) Time for service.
    ***
    (2) Appeals From the Court of General Sessions. After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.

S.C.A.C.R. 203(b)(2)).

7

from his guilty plea and he sought, unsuccessfully, review under *White v. State*, 208 S.E.2d 35 (S.C. 1974). He further argues:

> [F]ormer counsel served as a "state agent" preventing the Petitioner from pursuing his appeal. It remains former counsel's conduct that prevented Petitioner from pursuing his appeal in a timely manner, and Petitioner operated under the incorrect presumption that his direct appellate rights were being pursued. Upon learning that counsel was not pursuing his direct appeal, Petitioner filed his state post-conviction motion *pro se.*

(Pet. resp. m.s.j. 3).

In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals described the analysis of a claim of equitable tolling as follows:

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.* at 330. The court went on to find:

> Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in

8

> interpreting a statutory provision constitutes that "extraordinary circumstance" external to Harris that would justify equitable tolling. *See Taliani*, 189 F.3d at 598 (holding that a lawyer's miscalculation of a limitations period is not a valid basis for equitable tolling); *see also Sandvik*, 177 F.3d at 1272 (refusing to toll the limitations period where the prisoner's delay was assertedly the result of a lawyer's decision to mail the petition by ordinary mail rather than to use some form of expedited delivery); *Fisher*, 174 F.3d at 714-15 (refusing to toll limitation where access to legal materials that would have given notice of the limitations period was delayed); *Miller v. Marr*, 141 F.3d at 978 (same); *Gilbert v. Secretary of Health and Human Services*, 51 F.3d 254, 257 (Fed.Cir.1995) (holding that a lawyer's mistake is not a valid basis for equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation).

*Id.* at 330-31.

Based upon the foregoing, it does not appear to this court that the petitioner would be entitled to equitable tolling of his claim. However, out of an abundance of caution, this court will address the merits of the petitioner's claims.

In his first claim, the petitioner contends that the state trial court lacked subject matter jurisdiction, which he claims is in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. The petitioner's trial counsel filed a motion to quash the indictment, arguing that there were no multi-county criminal actions involving the petitioner and, therefore, the indictment lacked the multi-county nature required for action by the South Carolina State Grand Jury. At the time of the plea, the petitioner admitted that he was waiving any defenses he had to the charges, and he admitted that he was guilty of the offenses (app. 52-53). In his state PCR action, the petitioner argued that the trial court lacked subject matter jurisdiction (app. 60-66, 133). Judge Beatty ruled as follows:

> [T]he claim that he had a valid appellate issue concerning subject matter jurisdiction relating to the failure to show factual

> proof of multi-county significance is contrary to the law of South Carolina. The State Grand Jury has subject matter jurisdiction over "any crime arising out of or in connection with a crime involving narcotics, dangerous drugs, or controlled substances, if the crimes are of a multi-county nature or have significance in more than one county of this state." *State v. Evans*, 322 S.C. 78, 81, 470 S.E.2d 97, 98 (1996). *See also* S.C. Code Ann.§14-7- 1610 (Supp.1998). The jurisdictional requirement only requires that an otherwise valid indictment contain an allegation of multi-county significance. *State v. James*, 321 S.C.75, 472 S.E.2d 38 (Ct. App.1996) (citing *Evans*, 322 S.C. 78, 470 S.E.2d 97). The State Grand Jury may properly return an indictment alleging a single-county offense if the offense has multi-county significance and the indictment contains this allegation. *State v. Wilson*, 315 S.C. 289, 433 S.E.2d 864 (1993). Once jurisdiction vests in the State Grand Jury, the State need **not** prove multi-county impact at trial unless multi-county impact is actually an element of the offense charged. *State v. Green*, 337 S.C. 67, 522 S.E.2d 602 (Ct. App. 1999)(emphasis added).
>
> In this case, the Applicant asserted in a pre-guilty plea motion that subject matter jurisdiction was lacking because the State had not established factual proof of multi-county significance pertaining to the Applicant. Judge Clary, the motion and plea judge, found that subject matter jurisdiction existed, denied the motion, and then accepted the Applicant's guilty plea. This Court agrees that there was subject matter jurisdiction in this case. This Court further finds that Mr. Warder was not ineffective for failing to appeal, without being asked, the alleged subject matter jurisdiction issue to the Court of Appeals after the Applicant pled guilty. Accordingly, the allegations of a lack of subject matter jurisdiction and ineffective assistance of counsel for failing to appeal the subject matter jurisdiction issue are denied. . .

(App. 161-62). Certiorari was denied on the issue.

The petitioner's claim raises issues of state law involving interpretations of state statutes. Such a claim is not cognizable in a federal habeas case. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or

treaties of the United States."); *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law ..."); *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960); *Chance v. Garrison*, 537 F.2d 1212, 1215 (4th Cir. 1976).

Furthermore, even if the claim was cognizable, it would fail. The circuit court has original jurisdiction in all criminal matters except those where an inferior court is given exclusive jurisdiction. S.C. Const. art. V, § 11. Trafficking in cocaine, the offense for which the petitioner was indicted, exceeds the inferior court's exclusive jurisdictional limits. The State Grand Jury's jurisdiction extends only to certain crimes, including "any crime arising out of or in connection with a crime involving narcotics, dangerous drugs, or controlled substances, if the crimes are of a multi-county nature or have significant in more than one county of this state." *State v. Evans*, 470 S.E.2d 97, 98 (S.C. 1996); S.C. Code Ann. §§ 14-7-1610 and 14-7-1630. Counts one and seven of the indictment against the petitioner include the appropriate and necessary language (app. 113-14). Furthermore, as argued by the respondents, an indictment does not confer subject matter jurisdiction, but due process requires that a criminal defendant be properly served with a valid indictment. Here, it appears that the petitioner was served with a valid indictment and received adequate notice prior to his motion hearing and guilty plea (app. 121).

In his second claim, the petitioner asserts that his trial counsel was ineffective in not adequately attacking the jurisdiction of the case. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's

11

performance is "highly deferential." *Id.* at 689. As argued by the respondents, even if counsel was presumed deficient, prejudice cannot be shown because jurisdiction existed (resp. m.s.j. 22).

The petitioner next argues that counsel failed to present adequate evidence in mitigation. The state PCR court found probative evidence in the transcript to establish that trial counsel presented mitigation on the petitioner's behalf (app. 55-57). The PCR court correctly identified *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart,* 474 U.S. 52 (1985), as the cases governing such claims. The court noted that counsel did not present any witnesses in mitigation, but he told the court that the petitioner's family was present and supporting him. While the petitioner had the burden of proof in the PCR hearing, he did not call any of the allegedly beneficial mitigation witnesses to testify at the PCR hearing to show what testimony they would have contributed to the petitioner's plea. Therefore, the PCR court found that even if trial counsel's representation was deficient, the petitioner did not meet his burden to show prejudice (app. 162-63). The petitioner's trial counsel emphasized to the court at the plea that the petitioner was a first offender and got involved in the crimes only because people he considered friends asked him to help. He also argued in mitigation that the petitioner worked as a mechanic and was expecting his first child with his girlfriend. He noted that the petitioner recognized the wrongfulness of his act and requested that the court be merciful as it was his first offense (app. 55-56). Clearly, the state court's adjudication is not contrary to Supreme Court precedent, nor did it involve an unreasonable application of clearly established federal law. Accordingly, this claim is without merit.

Lastly, the petitioner claims that his trial counsel was ineffective in failing to advise him of his right to a direct appeal following the trial court's denial of the motion to quash the indictment. He further claims that he did not waive his right to a direct appeal. The Supreme Court has held:

12

> We . . . hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega,* 528 U.S. 470, 480 (2000) (citations omitted).

In *Frazer v. South Carolina*, 430 F.3d 696, 707(4th Cir. 2005), the Fourth Circuit Court of Appeals noted that under *Flores-Ortega* a court must conduct a three-step inquiry when faced with a claim that counsel rendered ineffective assistance in failing to consult with the defendant regarding an appeal. The threshold consideration is whether the petitioner "independently decided whether to appeal and communicated that decision to counsel." The petitioner has presented no evidence that he specifically requested an appeal. Therefore, counsel must consult with the defendant, unless the circumstances demonstrate that consultation is unnecessary. *Id.* at 707-708 (citing *Flores-Ortega*, 528 U.S. at 478-79). If counsel fails to consult, the defendant "may demonstrate prejudice by showing that a rational defendant would want to appeal. The defendant may do this by demonstrating either that (a) there were non-frivolous issues for appeal, or (b) he had adequately indicated his interest in appealing." *Id.* at 708 (citing *Flores-Ortega*, 528 U.S. at 480).

The petitioner argues that no consultation occurred between him and his trial counsel (pet. resp. m.s.j. 5).  Here, the petitioner pled guilty, and he received the sentence recommended by the prosecutor in accordance with the plea agreement.  The PCR court found as follows:  "Mr. Warder was not ineffective for failing to file an appeal when the Applicant did not ask him to do so" (app. 160).  The petitioner's trial counsel testified at the PCR hearing that he and the petitioner "probably discussed" before the plea the opportunity file a notice of appeal (app. 138).  He further testified that the petitioner never requested that he file an appeal of the guilty plea (app. 160).  Trial counsel testified that he thought the motion to quash was probably decided correctly, and he did not advise the petitioner to appeal from any of the issues (app. 138, 145).  The petitioner has failed to show there were non-frivolous issues for appeal, or that he had adequately indicated his interest in appealing.  In the alternative, the petitioner "may show prejudice . . . by demonstrating an interest in an appeal and showing that a consultation with his counsel would not have dissuaded him from pursuing it."  *Frazer*, 430 F.3d at 712.  The petitioner has not made such a showing.  Based upon the foregoing, this court finds that the state court's adjudication is not contrary to Supreme Court precedent, nor did it involve an unreasonable application of clearly established federal law.  Accordingly, this claim is without merit.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the respondents' motion for summary judgment should be granted.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

January 25, 2006

Greenville, South Carolina

14