UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Arthur Foster, # 270123,<br><br>                                Petitioner,<br><br>    v.<br><br>Warden Richard Bazzle; Henry McMaster, Attorney General for South Carolina,<br><br><br>                              Respondents. | C/A No. 6:05-0620-GRA-WMC<br><br>ORDER<br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and issued on January 25, 2006. Petitioner, with the assistance of counsel filed an action pursuant to 28 U.S.C. § 2254 on February 25, 2005. Respondents filed a motion for summary judgment on August 25, 2005. The Petitioner filed his response to the motion on October 14, 2005. The magistrate recommends granting Respondents' motion for summary judgment and dismissing this action.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions

1

of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on February 9, 2006.

The Petitioner first objects to the magistrate's findings that his petition is not subject to equitable tolling. Petitioner believed his counsel was pursuing a direct appeal and when he learned he had not, he then filed his *pro se* state post-conviction motion. It is this inaction and Petitioner's reliance on such inaction, that creates the equitable tolling in this instance.

"[E]quitable tolling is available only in 'those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th

Cir. 2003)). In support of his argument for equitable tolling, Petitioner states he believed his counsel was pursuing a direct appeal and it is this inaction and Petitioner's reliance on this inaction that creates the equitable tolling in this instance. However, as the magistrate correctly found, Petitioner's argument does not establish the extraordinary circumstances needed to entitle one to equitable tolling. Further 28 U.S.C. § 2244(d)(1)(D) specifically requires that a petitioner exercise "due diligence" in seeking this factual predicate. Petitioner has failed to satisfy to the Court that he has exercised due diligence in seeking this factual predicate that Petitioner did not nor could not have known that his trial counsel was not pursuing a direct appeal until September 21, 2001.

Petitioner further argues that the magistrate failed to address Petitioner's argument that his trial counsel was serving as a "state agent" preventing the Petitioner from pursuing his appeal thereby permitting equitable tolling. After a review of the record, this Court finds that Petitioner himself never really addressed his so called "state agent" argument. The first mention of "state agent" happened to be in Petitioner's response to Respondent's motion to summary judgment. He stated:

> [F]ormer counsel served as a "state agent" preventing the Petitioner from pursuing his appeal. It remains former counsel's conduct that prevented Petitioner from pursuing his appeal in a timely manner, and Petitioner operated under the incorrect presumption that his direct appellate rights were being pursued. Upon learning that counsel was not pursuing his direct appeal, Petitioner filed his state post-conviction motion *pro se.*

(Pet. resp. m.s.j. 3).

Petitioner sets forth no analysis of this argument or anything other than a conclusory

statement that his counsel was a "state agent." This argument is baseless and this objection is without merit.

Second, the Petitioner objects to the magistrate's findings that the state court had proper jurisdiction in this case. The magistrate held that Petitioner's claim raises issues of state law involving interpretations of state statutes and thus, such a claim is not cognizable in a federal habeas case. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Poe v. Caspari*, 39 F.3d 204, 207 (8 Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law …"); *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960); *Chance v. Garrison*, 537 F.2d 1212, 1215 (4th Cir. 1976).

Petitioner claims that this analysis is incomplete without considering the federal review practices enunciated in *Williams v. Taylor*, 529 U.S. 362 (2000). Under the "contrary to" clause of section 2254(d)(1), a state court decision is "contrary to" Supreme Court precedent only when it "arrives at a conclusion opposite to that reached by this Court on a question of law." (i.e., "applies a rule that contradicts the governing law set forth in our cases"), or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless

4

arrives at a result different from our precedent." *Id.* at 405-406. The Petitioner then claims without presenting an argument or analysis on how the state court decisions are "contrary to" Supreme Court precedent, that the issue is subject to federal review.

The Petitioner's assertion is wrong, the magistrate correctly held that such a claim is not cognizable in a federal habeas case. *Estelle,* 502 U.S. at 67-68 (1991). Furthermore after a review of the record, this Court agrees with the magistrate that even if the claim was cognizable, it would fail. (mag. rep. and rec. at 9-11). Therefore the Petitioner's second objection is without merit.

Petitioner's third objection states that the magistrate erred in finding that he had received effective assistance of counsel consistent with the Sixth Amendment of the United States Constitution. The Petitioner asserts three instances of ineffective assistance of counsel. First, the issue of subject matter jurisdiction is an issue that was deserving of counsel's pre-trial attention as well as appellate review. Second, former counsel was ineffective in failing to minimize Petitioner's sentence or present any discernable defense that the Petitioner was entitled to a sentence less than 15 years. Third, counsel failed to pursue any appeal on behalf of the Petitioner.

To establish a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it "fell below an objective

standard of reasonableness." *Id.* at 688. In considering the deficiency, the court's "scrutiny of counsel's performance must be highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Not only must a petitioner prove deficiencies by counsel, there must also be a showing that the deficiencies actually prejudiced the case. Normally to show prejudice, the Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In a case where the Petitioner has entered a guilty plea, proving prejudice is somewhat different. In this situation, Petitioner must establish "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

After a review of the record, to address Petitioner's first claim of ineffective assistance of counsel in that the issue of subject matter jurisdiction is an issue that was deserving of counsel's pre-trial attention as well as appellate review, this Court agrees with the magistrate that a review of counsel's performance is "highly deferential." *Strickland* at 689. Further, even if counsel was presumed deficient, prejudice can not be shown in this case because jurisdiction existed. (mag. rep. and rec. at 12).

The Petitioner next argues that counsel failed to present adequate evidence in

mitigation. He argues, the record is abundantly clear that there existed no mitigation or defense offered by defense counsel during sentencing and had such a defense been presented, the sentencing results may have been different.

However the magistrate stated:

> The state PCR court found probative evidence in the transcript to establish that trial counsel presented mitigation on the petitioner's behalf (app. 55-57). The PCR court correctly identified *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart,* 474 U.S. 52 (1985), as the cases governing such claims. The court noted that counsel did not present any witnesses in mitigation, but he told the court that the petitioner's family was present and supporting him. While the petitioner had the burden of proof in the PCR hearing, he did not call any of the allegedly beneficial mitigation witnesses to testify at the PCR hearing to show what testimony they would have contributed to the petitioner's plea. Therefore, the PCR court found that even if trial counsel's representation was deficient, the petitioner did not meet his burden to show prejudice (app. 162-63). The petitioner's trial counsel emphasized to the court at the plea that the petitioner was a first offender and got involved in the crimes only because people he considered friends asked him to help. He also argued in mitigation that the petitioner worked as a mechanic and was expecting his first child with his girlfriend. He noted that the petitioner recognized the wrongfulness of his act and requested that the court be merciful as it was his first offense (app. 55-56). Clearly, the state court's adjudication is not contrary to Supreme Court precedent, nor did it involve an unreasonable application of clearly established federal law. Accordingly, this claim is without merit.

(mag. rep. and rec. at 12).

This Court agrees with the magistrate. Lastly, the petitioner claims that his trial counsel was ineffective in failing to pursue any appeal on his behalf and that the failure to pursue any appeal is a per se violation of *Strickland* when such an appeal should have been pursued on behalf of the Petitioner. The magistrate correctly

addressed this issue in his report and recommendation. (mag. rep. and rec. at 12-14).

After a review of the record, this Court agrees with the magistrate that the state court's adjudication is not contrary to Supreme Court precedent, nor did it involve an unreasonable application of clearly established federal law. *Williams*, 529 U.S. at 405-406. Nor did it constitute a " fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1975). Accordingly, this objection is without merit.

After a *de novo* review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment be GRANTED and this action be DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February 16, 2006.

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal

Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.